"Defendant requests prompt review under Rule 53(c)(3) of Trial Judge Browne’s order denying defendant discovery of certain of plaintiffs books and records. The trial judge has refused to make the statement referred to in Rule 53(c)(2)(l).
"The case is a renegotiation redetermination under 50 U.S.C. App. § 1218 (Supp. V, 1965). It involves the plaintiffs fiscal year 1969, and the plaintiff is if not unique, at least unusual, among our renegotiation plaintiffs, in being a large company with multiple product lines produced in several divisions and plants. Defendant wants access under Rule 74 to product line profit and loss statements for fiscal years 1964-70, including nonrenegotiable civilian products. The triad judge has refused it except, apparently, as to military products in the review year, and his orders do not assign any reasons.
"Plaintiff resorts to an absolute we cannot subscribe to, namely, that the overall fiscal year nature of statutory renegotiation shelters plaintiff from inquiry as to cost and profit experience with respect to individual product lines. If we suppose a conglomerate having operating divisions including a shipyard, a clothing manufacturer, an electronics plant, and a tire manufacturer it is evidént that the supposed rule would prevent any comparisons with other companies unless, perchance, another conglomerate could be found with a similar mix of operating divisions. We attach the highest importance to comparisons, and would no doubt insist that the shipyard cost and profit experience be compared with that of other shipyards, and so on through the list. The supposititious conglomerate will fully enjoy its statutory rights to overall renegotiation if the ultimate determination is made overall, with opportunity *778 for excessive profits in some divisions to be offset by insufficient profits in others. On the other hand, not every instance of separate product lines, as e.g., two or three metal parts of the same end item of military hardware will justify separate cost and profit analysis. It must always be remembered that cost allocation among different products of the same plant is an eminently inexact science.
"Within reasonable limits it is the responsibility of the trial judge to balance the applicable considerations and determine whether the added cost in time and money and the difficulty of product line analysis is justified by the results to be expected. The scanty information furnished us here is wholly insufficient for us to decide this, and we decline the honor of doing so. Of course, segregation of financial results by type of contract, as, e.g., firm fixed price, incentive type, etc., is a feature of nearly every renegotiation case whether or not product lines are segregated. Concrete examples of the comparables that could be or will be made use of, with and without product line analysis, must be the principal ingredients of the decision. It must be remembered that a contractor does not, just by petitioning for a redetermination here, automatically consent to invasions of its privacy in course of fishing expeditions into its entire history and all its operations of every kind.
"Apart from the alleged statutory immunity from product line analysis, which we have shown to be a figment, we question whether the defendant’s proposed discovery is not greatly overbroad with respect to years covered and with respect to nonrenegotiable business.
"In view of the foregoing, we grant review but decline to vacate the trial judge’s orders involved. However, this order is without prejudice to presentation by defendant of more circumscribed Rule 74 discovery requests, and to consideration thereof by the trial judge unhampered by any precedential effect of the orders that have been placed before us. If the parties are still unable to agree on the scope of discovery to be had in the premises, and if the trial judge must overrule one or the other, we hope to have the benefit of his informed reasons whenever we must consider another round of Rule 53(c)(3) applications. This order is *779 made without oral argument but on consideration of the briefs and representations of the parties.”