"This case comes before the court on plaintiffs requests, filed August 5, 1977, and September 8, 1977, for review of a trial judge’s procedural orders of July 28, 1977, and August 23, 1977, respectively. Both requests concern the same subject matter, discovery of financial data already compiled by plaintiff, but the second follows the trial judge’s modification of the order complained of originally. Therefore, we regard the first request for review as mooted and treat only with the second which the trial judge has certified for review (Rule 53(c)(2)(i)).
"The trial judge in this renegotiation case concerning plaintiffs fiscal year 1969 has ordered plaintiff to produce documents reflecting contract-by-contract costs and profits for fiscal years 1964 through 1970. Such documents were prepared quarterly by plaintiff for both renegotiable and nonrenegotiable work, but the discovery allowed concerns only renegotiable work plus one narrow area of non-renegotiable work where the manufacturing process was apparently highly similar to that involved in producing certain of the renegotiable products. Defendant’s request for discovery was in response to this court’s implicit invitation, in its May 27, 1977 order (214 Ct.Cl. 776) to defendant to submit 'more circumscribed Rule 74 discovery requests’ than the one there denied. At that time, defendant was seeking access to product line financial *945 information on all renegotiable and nonrenegotiable products made by plaintiff.
"Our May 27 order directed that the trial judge specify his reasons for decisions on discovery motions, but this motion for review brings before us no papers indicating his compliance with this directive. Nonetheless, we are prepared to rule on the motion, believing that defendant’s brief and parts of the affidavit of its expert, Dr. Mock, set forth adequate justification for the trial judge’s order.
"We recognize that discovery cannot be limitless. But we note that the information here has already been compiled by plaintiff, and that protection of plaintiffs privacy vis-avis its competitors has been secured by the trial judge’s directive that defendant keep information thusly obtained confidential. Our determination that the records sought are properly discoverable does not foreclose a challenge to their admission into evidence. We understand that defendant’s intention is not to use the statements in the form they are now in but to work them up into a more cumulative or comprehensive form, segregating plaintiffs experiences by product rather than by contract.
"The scope of defendant’s discovery request is now more reasonably related to the issues in litigation, focusing almost exclusively on plaintiffs renegotiable work. Plaintiffs contention that all its renegotiable ordnance metal parts work should be regarded as a single product line is untenable, regardless of how plaintiff reports such production to the SEC and FTC; renegotiation is a different process with distinct issues. Renegotiation, this court has said repeatedly, is a comparative process, and the information sought here 'appears reasonably calculated to lead to the discovery of admissible evidence’ relevant to the comparative process. See Rule 74(c).
"As the court’s May 27 order makes clear, we are aware 'that cost allocation among different products of the same plant is an eminently inexact science.’ Our approval of the discovery here ordered by the trial judge does not mean we will give evidence developed through this discovery more weight than it deserves. Nevertheless, defendant will have no chance to meet its burden of proof without being allowed reasonable access to plaintiffs financial records.
*946 "Now, therefore, upon consideration of the parties’ briefs, but without oral argument,
"it is ordered that plaintiffs August 5, 1977, request for review is denied (because mooted by the later request) and plaintiffs September 8, 1977, request for review is granted. Upon review, the trial judge’s procedural order of July 28, 1977, as modified by his order of August 23, 1977, is affirmed.”